TOLEDO, APPELLANT, *v.* REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Possessory Title.

No. 547.—Decided November 14, 1922.

RECORD OF TITLE—POSSESSORY TITLE—EVIDENCE.—A possessory title judgment is not recordable if in the proceedings the witnesses to which article 391 of the Mortgage Law refers did not establish, under oath or otherwise, that they were residents of and property owners in the municipality in which. the property in question was situated.

The facts are stated in the opinion.
*Mr. B. Forés* for the appellant.
The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The record of a possessory title proceeding brought by Juan Toledo and decided in his favor by the municipal judge was presented in the Registry of Property of San Germán and the registrar refused to record it for the following reasons:

"First: Because it does not appear from the said record that witnesses Antonio Velázquez and Juan Bautista Irizarry proved by documentary evidence or sworn testimony that they were residents of the municipality of Sabana Grande, inasmuch as that qualification is excluded from their testimony. Second: Although the said witnesses testified under oath that they were property owners, it does not appear that they were such property owners in the municipality of Sabana Grande, as is required by law. Subdivisions 2 and 3 of article 391 of the Mortgage Law. *Torres et al.* v *Registrar of Guayama*, 28 P. R. R. 52."

The declarations of the two witnesses called in the proceedings are exactly alike. The first paragraph of that of one of them reads as follows:

"In San Germán on September 1, 1922, appeared before the court witness Antonio Velázquez, of age, a resident of Sabana Grande and a property owner, the latter condition being asserted by him under oath; and after being duly sworn, he answered as follows:"

In no other part of the testimony is reference made again to the residence and condition of property owner of the witness.

Article 391 of the Mortgage Law prescribes that in possessory title proceedings two witnesses shall testify who shall be "residents and landowners of the town or municipal district in which the property may be situated," and that they "shall prove that they possess the qualifications enumerated in the proceeding rule, by means of documents establishing said facts."

Article 392 of the Mortgage Law provides that for the purpose of recording the judgment the "original record" shall be presented in the registry, from which it may be deduced that the registrar has power to examine in proper cases all of the documents, notwithstanding the fact that a competent court may have passed upon them.

Although residence certificates do not now exist, and this was undoubtedly the document which the legislators had in mind when framing the Mortgage Law, residence may be established by the sworn testimony of the witness, and here there is no such testimony.

As to the qualification of property owner of the municipality in which the property is situated, under the present system documents may be easily obtained to establish that fact. But considering the testimony of the witness under oath sufficient, the fact is that he simply swore that he was a property owner, but not that he owned property in the municipality of Sabana Grande, the place where the property was situated, as required by law.

By virtue of the foregoing and considering the case of *Torres et al. v. Registrar of Guayama,* 28 P. R. R., 52, the decision appealed from must be

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.